CHIASSON, Judge.
Appellant, Patrick Joey Crain, appeals a trial court judgment declaring the will of his great aunt, Minnie Seale Dunlap, invalid for want of form. Cullen A. Seal, the son of Mrs. Dunlap and appellee herein, contested the validity of the nuncupative will by public act[1] on the ground that it was not written or typed by the Notary who allegedly prepared the purported testament.[2] It is not questioned that the will was valid on its face and complied with all other requisites of the statute.
The trial court, basing its decision on the testimony of one of the subscribing witnesses, held that the will was not typed by the Notary himself, and therefore, under the case of the Succession of Killingsworth, 292 So.2d 536 (La.1973), on rehearing, March 25, 1974, the will must be ruled invalid for want of form.
In the Killingsworth case, on rehearing, the Supreme Court stated:
“In Succession of Beattie, 163 La. 831, 112 So. 802 (1927) and Talton v. Todd, 233 La. 146, 96 So.2d 327 (1957), we established the requirements necessary to overcome the presumption of validity where the testimony of subscribing witnesses is contrary to the recitals in the testament. In Beattie, as subsequently quoted in Taitón, we held:
‘Testimony of subscribing witnesses which is adduced on the contest of the will and which, in effect, impeaches the solemn statements contained in the instrument which by their signatures they have attested as correct, is not in itself sufficient to overcome the presumption of validity arising from their presence and signatures and the official certificate of a public officer fortified by his oath/ Their testimony must be corroborated by independent facts or reasonable inferences. * * * ’ ”
The will in this case recites:
“This last will and testament of Minnie Seal Dunlap was dictated by her to me, Notary, in the presence and hearing of the three aforesaid and undersigned com *426 petent witnesses, and the same was reduced to writing by me, Notary, as dictated by said testator.”
At the hearing, only one witness was called. That witness, Mrs. Frances Greer, was not only a witness to the making of the will, but she was also the legal secretary of the Notary who purportedly prepared the will.
Mrs. Greer testified that she did not know whether she had typed that particular will, but assumed that she did; that she could not swear that the Notary typed the will himself because she did not know; and that she could not recall the events of seventeen years ago, but she did not recall the Notary ever having to type a will or anything else.
Appellant contends, and we agree, that although parol evidence is admissible to attack the validity of a nuncupative will by public act, the testimony of a subscribing witness to a nuncupative will by public act contradicting the solemn recitals in the testament is entitled to little weight and is insufficient to overcome the presumption of validity in the absence of sufficient independent facts or reasonable inferences to overcome the presumption. Succession of Killingsworth, supra; Talton v. Todd, 233 La. 146, 96 So.2d 327 (1957); Bernard v. Francez, 166 La. 487, 117 So. 565 (1928); Succession of Beattie, 163 La. 831, 112 So. 802 (1927).
There exist no independent facts or reasonable inferences to overcome the presumption of validity in this case and the trial court erred in declaring the will null and void based solely upon the testimony of one of the subscribing witnesses.
Taken as a whole, we can only conclude that Mrs. Greer’s testimony merely established she was unable to recall the events surrounding the making of the testament. Even if she could have positively stated that she had typed the will, that testimony, uncorroborated by independent facts or reasonable inferences, would not be sufficient to overcome the presumption of validity. Killingsworth, supra.
For these reasons the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with the opinion expressed herein. All costs of these proceedings are to be paid by appellee.
REVERSED AND REMANDED.

. The pleadings erroneously refer to the will as a nuncupative will by private act.

. Louisiana Civil Code Article 1578 prescribes the requisite formalities:
“Art. 1578. The nuncupative testaments by public act must be received by a notary public, in presence of three witnesses residing in the place where the will is executed, or of five witnesses not residing in the place.
“This testament must be dictated by the testator, and written by the notary as it is dictated. “It must then be read to the testator in presence of the witnesses.
“Express mention is made of the whole, observing that all those formalities must be fulfilled at one time, without interruption, and without turning aside to other acts.”